IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DEREK MULDER                                      *
1303 Hillcrest Road
Glen Burnie, MD 21061                             *

    Plaintiff                              *

    vs.                                    *
                   No.:

RELIANCE STANDARD LIFE INSURANCE COMPANY*
P.O. Box 8330
Philadelphia, PA 19101-8330                       *

Serve:                                            *
Alfred Redmer, Jr.
Insurance Commissioner for the State of Maryland  *
200 St. Paul Place
Suite 2700                                        *
Baltimore, MD 21202-2272
                                                  *
    Defendant
*    *    *    *    *    *    *    *    *    *    *    *    *    *

## COMPLAINT

Now comes the Plaintiff, Derek Mulder, by and through his attorney, Keith R. Siskind

and the Law Offices of Steinhardt, Siskind and Lieberman, LLC, and files this Complaint against

the Defendant, and in furtherance thereof states as follows:

### Jurisdiction

1. That this Court has jurisdiction over the parties of this cause of action pursuant to

   Title 28 USC, §1332 and 29 USC, § 1132 (e).

2. That the ERISA statute provides, at 29 USC, § 1133, a mechanism for administrative

   or internal appeal of benefit denials.

3. That this Court has jurisdiction of the subject matter as the group long term disability

plan issued by the Defendant to the Plaintiff's employer, C2 Essentials, Inc., with an effective date of October 1, 2007 (the plan) is a qualified Employee Welfare Benefit Plan regulated by the Employment Retirement Security Act of 1974, 29 USC, § 1001, <u>et seq.</u>

## Venue

4. That venue of this action lies in the United States District Court for the District of Maryland under 29 USC, § 1132(e)(2), 28 USC, § 1391, in that the Plaintiff resides in the State of Maryland, is employed in the State of Maryland, and the cause of action arose in the State of Maryland.

## The Parties

5. That the Plaintiff, Derek Mulder, is an individual, a citizen of the State of Maryland, residing at 1303 Hillcrest Road, Glen Burnie, MD 21061.

6. That the Defendant, Reliance Standard Life Insurance Company, entered a contract of insurance with the Plaintiff's employer, C2 Essentials, Inc., to provide long term disability benefits to its employees.

## Statement of Facts

7. That the Plaintiff was employed as a Software Engineer for C2 Essentials, Inc. Although the occupation is considered "sedentary" it has a specific vocational preparation level of 8 pursuant to the Dictionary of Occupational Titles. The tasks and aptitude required of a job of this nature are complex and include specific tasks such as the following:

2

*Tasks*

1. *Analyzes software requirements to determine feasibility of design within time and cost constraints.*
2. *Consults with hardware engineers and other engineering staff to evaluate interface between hardware and software, and operational and performance requirements of overall system.*
3. *Formulates and designs software system, using scientific analysis and mathematical models to predict and measure outcome and consequences of design.*
4. *Develops and directs software system testing procedures, programming, and documentation.*
5. *Consults with customer concerning maintenance of software system.*

8. The Plaintiff is 43 years of age.  The Plaintiff ceased working as of March 21, 2018 due to the advancement of chronic migraine headaches causing difficulties with attention and concentration.  Plaintiff experiences symptoms that include but are not limited to chronic pain in his head and behind his eyes, muscle tension, photophobia, diarrhea, unsteadiness and fatigue.

9. That after the Plaintiff ceased working, he was paid short term disability benefits and then transitioned to long term disability benefits in July 2018.  Plaintiff continued to receive long term disability benefits until such benefits were denied beyond April 19, 2019 pursuant to the Defendant's letter of April 22, 2019.  **(Exhibit 1).**  The Defendant concluded, based upon the results of an IME evaluation, that Plaintiff did not have a history of migraine headaches and cognitive screening was within normal limits.  Defendant disagreed that Plaintiff had any restrictions or limitations that precluded him from performing his own occupation.

10. That on May 4, 2019 the Plaintiff filed an appeal on his own behalf.  Once the Plaintiff retained the undersigned counsel the aforesaid appeal was withdrawn and

3

refiled on October 10, 2019.  **(Exhibit 2).**  Further documentation was provided on

behalf of Plaintiff in letters dated November 7, 2019 **(Exhibit 3)** and November 21,

2019 **(Exhibit 4).**

11. That on January 31, 2020 the Defendant notified Plaintiff that it obtained updated

information concerning Plaintiff's claim, including a peer review evaluation of a

neurologist, Dr. Jon Glass.  **(Exhibit 5).**  Plaintiff was provided with an opportunity

to respond to this additional information.

12. On February 13, 2020 Plaintiff provided updated information including a

Questionnaire completed by Plaintiff's physician, Dr. Edmund Tkaczuk on February

13, 2020.  **(Exhibit 6).**  On February 17, 2020 Plaintiff presented further information

to the Defendant, including a Questionnaire completed by PA Victoria Trott.

**(Exhibit 7).**

13. That on March 4, 2020 Defendant was notified that Plaintiff received a Fully

Favorable Decision of the Social Security Administration determining that Plaintiff

has been disabled since March 21, 2018.  **(Exhibit 8).**

14. That on March 2, 2020 the Defendant forwarded a letter upholding its denial of long

term disability benefits.  **(Exhibit 9-Addendum 3/2/2020).**  This represented a final

decision exhausting the Plaintiff's administrative remedies.

15. That at issue in this case is the policy language of the plan.  The definition of total

disability is as follows:

> *Totally Disabled and Total Disability mean, that as a result of an Injury or*
> *Sickness:*
>
> *(1) during the Elimination Period and for the first 24 months for which a*

*Monthly Benefit is payable, an Insured cannot perform the material duties of his/her Regular Occupation;*

*(a) Partially Disabled and Partial Disability mean that as a result of an Injury or Sickness an Insured is capable of performing the material duties of his/her Regular Occupation on a part-time basis or some of the material duties on a full-time basis. An Insured who is Partially Disabled will be considered Totally Disabled, except during the Elimination Period;*

*(b) Residual Disability means being Partially Disabled during the Elimination Period. Residual Disability will be considered Total Disability; and*

*(2) after a Monthly Benefit has been paid for 24 months, an Insured cannot perform the material duties of Any Occupation. We consider the Insured Totally Disabled if due to an Injury or Sickness he or she is capable of only performing the material duties on a part-time basis or part of the material duties on a Full-time basis.*

Additionally, the plan defines regular occupation as follows:

*Regular Occupation means the occupation the Insured is routinely performing when Total Disability begins.  We will look at the Insured's occupation as it is normally performed in the national economy, and not the unique duties performed for a specific employer or in a specific locale.*

16. That since benefits were denied to the Plaintiff during the first 24 months, then at issue is whether Plaintiff is unable to perform the material and substantial duties of his regular occupation as a Software Engineer.

### Count I
### *LTD Benefits*

17. That the Plaintiff reasserts and incorporates each and every fact and allegation as set forth in paragraphs 1 – 16 as if fully and completely set forth herein.

18. That pursuant to 29 U.S.C. §1132(a)(1) "a civil action may be brought… by a participant or a beneficiary… B. to recover benefits due to him (her) under the terms

of his (her) plan, to enforce his (her) rights under the terms of the plan, or to clarify

his (her) rights to future benefits under the terms of the plan."

19.   That the Plaintiff contends that the Defendant did not conduct a full and fair review

and that the decision to deny long term disability benefits was unreasonable and not

supported by substantial evidence.

20.   That the Plaintiff contends that he has submitted substantial evidence to document a

disability, and that the Defendant has ignored reliable evidence submitted by the

Plaintiff.  The medical and other evidence submitted on behalf of the Plaintiff

demonstrates that the Plaintiff is precluded from performing the material duties of his

regular occupation.

21.   That the Defendant has failed to reasonable consider the evidence presented by the

Plaintiff, including but not limited to medical assessments, neuropsychological

testing, vocational evaluations and Questionnaires completed by Plaintiff's

physicians.  Plaintiff contends that the decision to deny benefits under the plan is

arbitrary, illegal, capricious, unreasonable, discriminatory, and not made in good

faith.

22.   That as a direct and proximate result of the aforesaid actions the Defendant is in

breach of its agreement to provide long term disability benefits under the plan.

23.   That as a direct and proximate result of the actions of the Defendant the Plaintiff has

sustained damages in the amount of $ 7,633.00 per month from April 20, 2019, after

considering an offset for Plaintiff's Social Security Disability benefit of $ 2,117.00

per month.  Between April 2019 and April 2020, the Plaintiff is due 12 months of

long term disability benefits in the amount of $ 91,596.00 (**Note:** Plaintiff has reimbursed Defendant for an overpayment of benefits between 8/19/18 and 4/19/19 due to Plaintiff's receipt of Social Security Disability benefits). The Plaintiff further contends that he is entitled to continuing long term disability benefits through the maximum duration of the plan which is the Plaintiff's Social Security normal retirement age of 67.

24. That as a direct and proximate result of the Defendant's actions the Plaintiff has been caused to incur attorney's fees and costs in an amount not now known to the Plaintiff.

WHEREFORE, the Plaintiff prays for the following relief:

    a.   That this Court order the Defendant to pay Plaintiff all long term disability benefits due to the Plaintiff under the LTD plan, said benefits beginning April 19, 2019 to present and continuing;

    b.   Granting the Plaintiff a monetary judgment against the Defendant for all amounts due and owing;

    c.   That the Court award Plaintiff his attorney's fees pursuant to 29 U.S.C. §1132, along with pre-judgment interest; and

    d.   For any and all other relief to which the Plaintiff may be entitled or the nature of this cause of action may require.

*/s/ Keith R. Siskind, Esquire*
Keith R. Siskind, Esquire # 04415
Steinhardt, Siskind and Lieberman, LLC
808 Landmark Drive, Suite 227
Glen Burnie, MD 21061
410-766-7630
krs@steinhardtlawfirm.com
Attorney for Plaintiff